IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL HONTZ                                                                PLAINTIFF

V.                                                CIVIL ACTION NO.: 1:09CV72-SA-JAD

CITY OF AMORY, MISSISSIPPI                                    DEFENDANT

MEMORANDUM OPINION

Defendant filed a Motion for Summary Judgment seeking a dismissal of Plaintiff's action. After reviewing the motion, response, rules, and authorities, the Court grants the Motion for Summary Judgment.

*Factual and Procedural Background*

On January 20, 1998, the City of Amory, through its Board of Alderman and Mayor, enacted Ordinance 1552 for the regulation of "recreation centers, billiard tables, and pool rooms." That Ordinance established a procedure for making application and receiving a permit to operate recreation centers and set forth the lawful hours of operation of such facilities. Those hours, as stated in Ordinance 1552, were from 6:00 a.m. until 11:00 p.m.

Michael Hontz moved to Amory, Mississippi, in 1998 with the intention of opening a business called "Game Zone." Prior to opening his business, Hontz went to the City Clerk's office and received all ordinances pertaining to opening a business in downtown Amory. After deciding he could work under the guidelines, he applied for and received his license, and opened the Game Zone on February 1, 1998. Hontz's business operation was covered under Ordinance 1552, as Game Zone had pool tables, air hockey, a basketball game, football game, ping pong, and arcade machines.

On April 7, 1998, Ordinance 1552 was amended to extend the hours of operation of game rooms in Amory by one hour - from 11:00 p.m. to 12:00 a.m. Michael Hontz lobbied the Board of

Alderman for the extension of operating hours. Ordinance 1557, the amended ordinance, also contained an exemption from the hours of operation requirement for municipal institutions, churches, educational institutions, and businesses making more than sixty percent of their gross income from sources other than games.

In March of 2006, Hontz appeared before the Amory Board of Alderman in an attempt to prove the Game Zone's qualification for the sixty percent exemption. Hontz contended that his internet-based business called "T Maxx Central" produced enough income to exempt the Game Zone from the hours of operation requirement. By letter March 9, 2006, the City Attorney explained that the Game Zone did not qualify for the exemption based on two reasons: (1) the information provided to the Board was not sufficient to prove that the Game Zone produces more than sixty percent of its gross income from sources other than coin-operated machines, pool tables, video games, or similar games and devices; and (2) the business Hontz described at the Board meeting was completely separate and distinct from the Game Zone. The letter ended with a request to provide the additional tax documents and business records to the Board for additional review of the request for exemption.

Hontz filed a Complaint in this district on March 24, 2009, claiming that Ordinance 1557 is a bill of attainder that has been selectively enforced solely against Game Zone and Michael Hontz.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record

2

it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075.

*Discussion and Analysis*

A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (1977); Paradissiotis v. Rubin, 171 F.3d 983, 989 (5th Cir. 1999); SBC Communications, Inc. v. FCC, 154 F.3d 226, 233 (5th Cir. 1998).

Hontz contends in the ten years he has been in business, he has been issued one citation for violating Ordinance 1557 and has been ticketed for violating the ordinance and also arrested for disorderly conduct. Hontz admits that he was prosecuted for the infractions, defended himself at a trial, and appealed that verdict to a higher court. Thus, he has failed to prove that Ordinance 1557 was enacted and enforced without the protections of a judicial trial.

3

Moreover, the Ordinance was not only enacted for the regulation of Michael Hontz's business. The Ordinance generally applies to all "recreation centers, billiard tables, and pool rooms." Hontz argues that the business "House of Games," which would qualify under the "pool room" definition in Ordinance 1557, was in business for at least twenty years prior to the enactment of Ordinance 1557, proving that the ordinance was issued as a particular enforcement device against him. However, Hontz has put forth no evidence that the House of Games was not sanctioned or cited for failing to comply with Ordinance 1557, despite his attempt to prove the House of Games was open past midnight sometime "probably '98, '99, '97, '6, somewhere in there."

There is also no evidence that the ordinance was selectively enforced against Game Zone in violation of the equal protection and due process clauses. To prevail on a selective prosecution challenge, the Plaintiff "must first make a prima facie showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not." United States v. Greene, 697 F.2d 1229, 1234 (5th Cir. 1983), *cert. denied*, 463 U.S. 1210, 103 S. Ct. 3542, 77 L. Ed. 2d 1391 (1983) (citing United States v. Rice, 659 F.2d 524, 526 (5th Cir.1981); United States v. Tibbetts, 646 F.2d 193, 195 (5th Cir.1981); United States v. Lichenstein, 610 F.2d 1272, 1281 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S. Ct. 2991, 64 L. Ed. 2d 856 (1980)). Once that prong is met, Plaintiff must then demonstrate that "the government's discriminatory selection of him for prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. Id.

Here, Plaintiff put forth the deposition of Robert Myatt who testified that he had been in the House of Games after midnight in the late 1990's. However, Plaintiff has not presented proof that the House of Games, now closed the past six years, was not prosecuted for alleged violations of that

4

ordinance. Even assuming that Hontz meets the first prong of the selective enforcement analysis, he has not shown that the prosecution against him was done for any invidious or bad faith purpose. Hontz contends that Ordinances 1552 and 1557 were enacted to minimize his business and cause him lost profits. However, other than these conclusory statements, Hontz has provided no evidence to support his contentions.

Hontz also complains that the sixty percent exemption was included in the ordinance amendment in an effort to narrow the businesses that the ordinance would effect. In particular, he asserts that the exemption excludes Wal-Mart and the Skate Center from having to close after midnight, despite those businesses having arcade facilities and coin-operated games on premises. Hontz claims his equal protection rights have been violated by the Amory Board of Aldermen passing Ordinance 1557.

The Fourteenth Amendment is not implicated in legislative enactments that affect groups of citizens differently unless such classification "rests on grounds *wholly irrelevant to the achievement of the State's objective.*" McGowan v. Maryland, 366 U.S. 420, PPC, 81 S. Ct. 1101, 6 L. Ed. 2d 393 (1961). The Fifth Circuit has noted that the burden of proving a Fourteenth Amendment violation rests not on the Government to prove the rationality of the statute, but on the challenger to show that the restriction is wholly arbitrary. Irby v. Sullivan, 737 F.2d 1418, 1423 (5th Cir. 1984).

The United States Supreme Court has held:

> Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, [United States Supreme Court] decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude. . . .

5

> In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines . . .; in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment.

City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S. Ct. 2513, 49 L. Ed. 2d 511 (1976) (per curiam) (citations omitted).

Ordinance 1557 passes constitutional muster under the applicable rational relationship test. The purpose of the Ordinance, as set out in the text of Ordinance 1552 and wholly adopted in the amendment, is to "promote[] the general welfare of the City of Amory to have proper recreational facilities located in the City if such facilities are . . . operated in such a manner so as to foster and encourage wholesome recreation." See Young v. Amer. Mini Theatres, Inc., 427 U.S. 50, 66, 96 S. Ct. 2440, 49 L. Ed. 2d 310 (1976) (noting that a community's interest in furthering the welfare of its neighborhoods is a legitimate state interest). Requirements as to hours of operation are not "wholly arbitrary" or "wholly irrelevant to the achievement of the State's objective." McGowan, 366 U.S. at 425, 81 S. Ct. 1101. The Amory Board of Alderman could reasonably believe that requiring pool halls and recreation centers to close at midnight would serve the general welfare of preventing loitering, limiting the opportunity for crime, and generally protect citizens and property downtown after midnight. Thus, the Ordinance is rationally related to a legitimate state interest and is constitutional. Moreover, Hontz has failed to prove that inclusion of the exemption is wholly arbitrary to those governmental interests. Thus, Ordinance 1557 does not infringe upon Hontz's due process or equal protection rights.

*Conclusion*

Defendant has shown that there is no genuine issue of material fact in this case. Plaintiff has not proven Ordinance 1552 or Ordinance 1557 to be a bill of attainder, nor has he shown that he was selectively prosecuted. Moreover, the enactment of those ordinances was reasonably related to a legitimate state interest. Thus, the statute does not infringe upon the due process or equal protection of Plaintiff.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED, and this case is DISMISSED.

SO ORDERED, this the 16th day of June, 2010.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**